Christian J. Keeney (SBN 269533)
christian.keeney@jacksonlewis.com
Kelli M. Dreger (SBN 267404)
kelli.dreger@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone: (949) 885-1360
Facsimile: (949) 885-1380

Attorneys for Defendants
EMERALD X, LLC and EMERALD EXPOSITIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND KANG, individually,<br><br>        Plaintiff,<br><br>    v.<br><br>EMERALD X, LLC, a Delaware Limited Liability Company; EMERALD EXPOSITIONS, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. 8:23-cv-1473<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[Filed Concurrently With: Civil Cover Sheet; Certificate of Interested Parties; Corporate Disclosure Statement; Declaration of Ren Akinci; and Notice of Related Cases]<br><br>Complaint Filed: June 26, 2023 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Emerald X, LLC and Emerald Expositions, LLC (collectively, "Defendants"), remove this action from the Orange County Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff Raymond Kang ("Plaintiff") and Defendants, the

amount in controversy exceeds $75,000, and the foregoing facts were also true when Plaintiff filed the Complaint.

## I. THE STATE COURT ACTION

1. On June 26, 2023, Plaintiff filed an action against Defendants entitled "Raymond Kang, an individual v. Emerald X, LLC, a Delaware Limited Liability company; Emerald Expositions, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive," in the Orange County Superior Court Case No. 30-2023-01332927. A true and correct copy of the Summons and unverified Complaint is attached as **Exhibit A**.

2. On July 11, 2023, Plaintiff personally served Defendants' registered agents with the Summons and Complaint. A true and correct copy of the applicable proofs of service filed by Plaintiff and all other documents that were served on Defendants in this action with the Summons and Complaint are attached as **Exhibit B**.

3. On August 9, 2023, Defendants timely filed and served their Answer to the Complaint in the Orange County Superior Court. A true and correct copy of the Answer is attached as **Exhibit C**.

## II. REMOVAL IS TIMELY

4. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

5. As explained in Paragraph No. 2 above, Plaintiff served the Summons and Complaint on Defendants' registered agents on July 11, 2023. Because Defendants filed this removal within 30 days of service of the Summons and Complaint, removal is timely.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

   **(a)   Plaintiff is a citizen of California.**

6. For diversity purposes, a person is a "citizen" of the state in which he or she

is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

7. Plaintiff alleges in his Complaint that Plaintiff "was, a resident of the City of Laguna Niguel, California." Compl., ¶ 2. Plaintiff's allegations constitute *prima facie* evidence of domicile, which creates a rebuttable presumption sufficient to support removal. *See Sololoff v. LRN Corp.*, 2013 WL 4479010, at *2-3 (C.D. Cal. 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's residence, which was "'prima facia' [sic.] evidence of his domicile, and thus of his citizenship," and plaintiff failed to provide evidence of a different domicile); s*ee also State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.").

8. Plaintiff's domicile in California is further established by: (a) his continued employment with Emerald X, LLC, and its predecessors in California for almost 30 years, from September 1, 1993 to March 30, 2023, as alleged in his Complaint; (b) his last known residence in the County of Orange at the time his lawsuit was filed; and (c) his wage statements showing he continuously worked in California from 2019 to 2023. Compl. ¶¶ 2, 12, 13; Declaration of Ren Akinci ("Akinci Decl.") at ¶¶ 6-7; *see Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) (current residence and place of employment evidence of the intention to remain); *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed).

9. Based on the foregoing, Defendants have satisfied their burden to create a rebuttable presumption that Plaintiff is a citizen of California.

**(b)** **Defendant Emerald X, LLC, is a citizen of Delaware and New York.**

10. Emerald Expositions, LLC, is the former name of Emerald X, LLC, a Delaware limited liability company. Akinci Decl. at ¶ 4; *see also* Compl. ¶ 12. Therefore,

Case No.:                                                                    3    DEFENDANTS' NOTICE OF REMOVAL OF CIVIL
                                                                                          ACTION UNDER 28 U.S.C. §§ 1332, 1441,
                                                                                                                          AND 1446

Emerald Expositions, LLC, and Emerald X, LLC, are the same entity. *Ibid*.

11. Because Emerald X, LLC, is a limited liability company, it is treated as a citizen of all states where its members/owners are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that, like a partnership, the citizenship of an LLC is the citizenship of all its members, rather than applying the two-part corporate citizenship rule (place of incorporation and principal place of business)); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

12. When the Complaint was filed, and continuing through the present, Emerald X, LLC's sole owner/member was and is Emerald X, Inc. Akinci Decl. at ¶ 3. For diversity purposes, a "corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business[.]" *See* 28 U.S.C. § 1332(c)(1). Emerald X, Inc., is a resident of both the State of Delaware (because it is incorporated in Delaware) and the State of New York (because its principal place of business is in New York). See 28 U.S.C. § 1332(c)(1). Akinci Decl. ¶ 3.

13. Emerald X, LLC's leadership operates Emerald X, Inc., from Emerald LLC's headquarters in New York, New York. Akinci Decl. ¶ 5. Thus, Emerald X, Inc.'s principal place of business at the time of filing the Complaint through the present is in New York, New York. Akinci Decl. ¶ 5. The "'principal place of business' [as contained in 28 U.S.C. § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). In other words, the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

14. As of the date of this Notice of Removal, Emerald X, LLC's headquarters and principal place of business at the time of filing the Complaint through the present, is in New York, New York. *Id.*; Akinci Decl. ¶ 5. From the executive and administrative offices at this location, Emerald X, LLC's officers direct, control, and coordinate its nationwide

services and overall business operations including those of Emerald X, Inc. *Ibid*. Emerald X, LLC's corporate officers perform their primary fundamental operations out of New York, not California. *Ibid*. Emerald X, Inc., is thus a citizen of New York for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

15. Accordingly, Emerald X, LLC – whose sole member is Emerald X, Inc. – is a citizen of Delaware and New York, and not a citizen of California.

16. Because Plaintiff is a California citizen, and Defendants are citizens of Delaware and New York, complete diversity exists between Plaintiff and Defendants now, and did so when Plaintiff filed the Complaint.[1]

**IV.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

17. This Court's jurisdictional minimum of an amount in controversy over $75,000 was satisfied at the time of the filing of this action, and still is satisfied, as is explained below.[2]

18. As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As these pleadings show, the amount in controversy here is at least $75,000.

---

[1] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Philip Morris Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).

[2] Defendants discuss the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. In doing so, Defendants do not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories.

### A. Lost Wages

19. Plaintiff seeks to recover lost wages. *See* Compl., ¶¶ 67, 77, 102, 114; Prayer for Relief No. 1.

20. The Court may consider lost earnings in determining the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000).

21. Plaintiff was employed by Emerald X, LLC, as a full-time employee from January 7, 2019 to March 30, 2023.[3] Compl., ¶ 12; Akinci Decl. at ¶¶ 7-8. At the time of his termination, Plaintiff earned an annual salary of around $102,000 or $1,966 per week. Akinci Decl. at ¶ 8.

22. Based on Plaintiff's weekly earnings of $1,966 per week, Plaintiff's lost earnings since the end of his employment on March 30, 2023, currently total approximately $37,354 ($1,966 per week x 19 weeks).

23. When the date of a trial is not set, courts have found one year from the date of removal to be a ***conservative*** trial date estimate for purposes of removal. *Reyes v. Staples Office Superstore, LLC*, 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("[C]ourts have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases."); *Beltran v. Procare Pharmacy, LLC*, 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) (same). One year from the August 10, 2023 removal date in this case is August 10, 2024. Thus, the amount of past and future lost earnings Plaintiff has put in controversy, *i.e.,* total lost earnings between Plaintiff's termination date of March 30, 2023 and the estimated trial date in this matter of August 10, 2024, is at least **$139,586** ($1,966 per week x 71 weeks).

---

[3] As mentioned at paragraph 8 above, Emerald X, LLC, and its predecessors employed Plaintiff from September 1, 1993 to March 30, 2023, as alleged in his Complaint. Compl. ¶¶ 2, 12, 13. However, payroll records reveal that he was employed by the entity Emerald X, LLC, from January 7, 2019 to March 30, 2023. Compl., ¶ 12; Akinci Decl. at ¶¶ 7-8.

### B. <u>Attorneys' Fees</u>

24. Plaintiff also seeks to recover attorneys' fees. *See* Compl. ¶¶ 67, 103; Prayer for Relief No. 4. Attorneys' fees may therefore be included in the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

25. The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002); *Goldberg v. CPC International*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" could be considered for purposes of meeting the amount in controversy requirement) (emphasis added); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal").

26. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons*, 209 F.Supp.2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages.").

27. Courts in this circuit have found an hourly rate of at least $525 for employment discrimination cases to be reasonable. *See Vysata v. Menowitz*, 2019 WL 6138469, at *3 (C.D. Cal. June 19, 2019) (finding a rate of $575 per hour reasonable in an employment litigation matter); *Finato v. Keith Fink & Assocs.*, 2018 WL 6978116, at *3 (C.D. Cal. Jan. 5, 2018) (finding an hourly rate of $525 per hour to be reasonable); *Andrade v Arby's Restaurant Group, Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (finding that a $550 hourly rate was reasonable); *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017) (finding a district court did not err in awarding $550 per hour).

28. Estimates for the number of hours expended through trial for employment cases in this District is 300 hours. *See Sawyer v. Retail Data, LLC,* 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015) (finding an estimate of 300 hours to be expended on a wrongful terminate claim was reasonable)*; see also Sasso, supra*, 2015 WL 898468, at *6; *Melendez v. HMS Host Family Restaurants, Inc.*, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011).

37. Accordingly, to litigate this case through trial at the rate of $525 per hour, it is reasonable to anticipate that Plaintiff's attorneys' fees will be at least **$157,500** (300 hours x $525 per hour).

C. **Emotional Distress**

38. Plaintiff seeks to recover damages for "emotional distress including but not limited to humiliation, mental anguish, loss of enjoyment of life…" *See* Compl. ¶ 51, 83, 84, 102, 114; Prayer for Relief No. 1.

38. Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002).

39. A defendant may introduce evidence of jury verdicts in other cases as evidence of plaintiff's potential emotional distress damages. *See Avila v. Kiewit Corp.*, 2019 WL 4729641, at *3 (C.D. Cal. Sept. 26, 2019); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).

40. Emotional distress damages awards in single-plaintiff wrongful termination and/or retaliation actions often exceed $75,000. Indeed, recent jury verdicts in cases that are analogous and/or allege the same discrimination/retaliation/wrongful termination claims as Plaintiff establish that Plaintiff's alleged emotional distress damages exceed the jurisdictional minimum of this Court. *See e.g., Jensen v. the Home Depot*, JVR No. 2111100016, 2021 WL 5232068 (Cal.Super.) (awarding plaintiff $3,249,431 for pain and suffering in a disability discrimination and retaliation case); *Bralock v. American University of Health Sciences, Inc.,* JVR No. 2110120019, 2021 WL 4772989 (Sept. 21,

2021) (awarding plaintiffs $250,000 each for pain and suffering in a retaliation case); *Zirpel v. Alki David Productions, Inc.,* JVR No. 2111190002 (October 5, 2021) (awarding plaintiff $1,068,717 in compensatory damages in a retaliation case).

41. Here, Plaintiff alleges that he "finds himself upset, depressed, anxious, and embarrassed." Compl. ¶ 50. He further alleges that he "is in distress as he cannot sleep at night, grinds his teeth, and finds himself questioning his abilities and his worth." *Ibid*. He claims to have suffered "loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to his detriment…" Compl. ¶ 79. In fact, Plaintiff asserts a claim for intentional infliction of emotional distress wherein he alleges that his emotional distress has manifested as "lingering anxiety, stress, depression, lethargy, finding himself upset, insomnia, and embarrassment[.]" Compl. ¶ 84.

42. These allegations are similar to those at issue in *Jensen v. the Home Depot*, JVR No. 2111100016, 2021 WL 5232068 (Cal.Super.). In *Jensen*, the plaintiff claimed she was terminated while out on a leave of absence and alleged claims for disability discrimination, failure to engage in the interactive process and accommodate, retaliation, and wrongful termination in violation of public policy. Ultimately, the jury in *Jensen* awarded the plaintiff $3,249,431 for emotional distress/pain and suffering.

43. These jury verdicts, including the recent verdict in *Jensen*, show that Plaintiff's alleged emotional distress damages in this action put more than $75,000 in controversy. *See Avila, supra,* 2019 WL 4729641 (concluding that emotional distress damages are potentially substantial based on jury verdicts in discrimination cases); *Hurd v. Am. Income Life Ins.,* 2013 WL 5575083, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Accordingly, Plaintiff has put at least **$75,000** in emotional distress damages in controversy.

///

| Case No.: | 9 | DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 |
|---|---|---|

44. In sum, and as shown in the chart below, the total amount in controversy, excluding punitive damages, is at least $370,120:

| Type of Damages | Amount in Controversy |
|---|---|
| Lost Earnings | $139,586 |
| Attorneys' Fees | $157,500 |
| Emotional Distress | $75,000 + |
| **Total:** | **$372,086+** |

### D. **Punitive Damages**

45. According to Plaintiff's Complaint, Plaintiff seeks to recover alleged punitive damages. *See* Compl., ¶¶ 61, 68, 80, 87, 104, 115; Prayer for Relief No. 3.

46. Because Plaintiff seeks punitive damages, punitive damages should be considered in determining the amount in controversy. *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (explaining that in determining the amount in controversy, courts must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees).

47. Although Defendants deny liability, it is more likely than not that Plaintiff has put at least $75,000 in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims. *See, e.g., Zirpel v. Alki David Productions, Inc.,* JVR No. 2111190002 (October 5, 2021) (awarding plaintiff $6,000,000 in punitive damages in a whistleblower retaliation case); *Ortega v. Carson Wild Wings LLC*, JVR No. 2004090009 (February 11, 2020) (awarding a plaintiff $100,000 in punitive damages for a wrongful termination and retaliation matter in Los Angeles County); *Quemada v. Cordoba Corporation*, JVR No. 2004230004 (December 6, 2019) (awarding a plaintiff $1.5 million in punitive damages where the plaintiff alleged wrongful termination); s*ee also Romero v.*

*Leon Max, Inc.*, 2009 WL 5258439 (awarding the plaintiff $50,000 in punitive damages, where plaintiff claimed she had been wrongfully terminated); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (Cal. 2009) (affirming punitive damages award of $1,905,000).

### V. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

48. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

49. This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

50. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by **Exhibits A** through **C**, which are copies of all process, pleadings, and orders served on Defendants.

51. In accordance with 28 U.S.C. §1446(b), Defendants' Notice of Removal was filed within 30 days after the initial service on Defendants' registered agents on July 11, 2023.

52. In accordance with 28 U.S.C. §1446(d), Defendants will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Orange County Superior Court.

### VI. CONCLUSION

53. Because jurisdiction is proper under 28 U.S.C. § 1332 (diversity), Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

Dated: August 10, 2023      JACKSON LEWIS P.C.

By: /s/ *Kelli M. Dreger*
Christian J. Keeney
Kelli M. Dreger

Attorneys for Defendants
EMERALD X, LLC and EMERALD EXPOSITIONS, LLC

4870-5748-9267, v. 4