UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01473-FWS-KES                                   Date: January 16, 2025
Title: Raymond Kang v. Emerald X, LLC, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:

Not Present                                                        Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY PLAINTIFF'S REMAINING CLAIMS SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [46]**

In this case, Plaintiff Raymond Kang ("Plaintiff") asserts eight claims against Defendants Emerald X, LLC and Emerald Expositions, LLC (together, "Defendants"): (1) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), (2) failure to prevent discrimination and harassment in violation of FEHA, (3) wrongful termination in violation of public policy, (4) intentional infliction of emotional distress, (5) age discrimination in violation of FEHA, (6) racial discrimination in violation of FEHA, (7) failure to provide personnel records in violation of the California Labor Code, and (8) failure to provide payroll records in violation of the California Labor Code. (*See generally* Dkt. 1-1 ("Complaint").) On December 23, 2024, the court granted Defendants' Motion for Partial Summary Judgment, which applied to the first six claims and Plaintiff's prayer for punitive damages. (*See* Dkt. 46 ("MSJ Order").) In the MSJ Order, "[t]he court **ORDER[ED]** the parties to meet and confer in good faith and file a joint status report regarding the remaining claims on or before **January 10, 2025**." (*Id.* at 22.) Now, nearly a week after the deadline to file a joint status report regarding the remaining two claims, the parties have filed nothing. (*See generally* Dkt.) Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing on or before **January 21, 2025**, why Plaintiff's

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-01473-FWS-KES | Date: January 16, 2025 |
| Title: Raymond Kang v. Emerald X, LLC, *et al.* | |

remaining two claims should not be dismissed for failure to prosecute and comply with the MSJ Order. Failure to respond to the OSC by the court's deadline will result in dismissal of the remaining two claims with prejudice without further notice for failure to prosecute and/or comply with a court order, and entry of judgment in favor of Defendant and against Plaintiff on Plaintiff's Complaint. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").

___